Green, J.
The acts of 1820, ch. 9, sec. 1, and 1831, ch. 82, are relied on in support of the plea. I will first consider whether the act of 1820, ch. 9, sec. 1, applies to this case. It provides, “that no indictment or presentment shall be made, preferred or prosecuted for any assault, battery or affray, or for any failure or neglect of the duty of any overseer of any public road in this State, after twelve months shall have expired from the commission of either of said offences,” &c. This provision does not apply to the present case. The words employed do not contain a description of the offence. The intention to kill, charged in the indictment, constitutes the gist of the crime. It is as distinct from an assault and battery simply, as murder is from manslaughter. The connection too in which the offence of an assault and battery is enumerated in the act under consideration, forbids the idea that the legislature intended to include in the limitations prescribed, an assault and battery with intent to kill. They enumerate the offences of “assault,” “battery,” “affray” and “neglect of an overseer to work on roads,” comparatively insignificant offences, the prosecution of which, it was thought, if permitted to take place at any distance of time, would often give occasion for malice, under the guise of public spirit, to wreak itself,' at the public expense, to the disturbance of the harmony of society, and by inciting the bad passions inflict more injury *247 upon the public morals, than would be sustained were the offence to go unpunished. These evils could not result from the want of a limitation to the prosecution of the offence under consideration. Its aggravated nature would uniformly induce the speediest prosecution which could be instituted, and if the escape of the culprit or other circumstances should produce delay, the legislature did not intend to limit his prosecution, when the cause of delay should be removed. The limitation of this prosecution, is not therefore within the intention or letter of this act. The act of 1831, ch. 82, cannot embrace it. The Legislature in using the term “misdemeanor” in that act, evidently spoke of offences which were at that time misdemeanors; but the act of 1829, ch. 23, sec. 52, had constituted the offence of an assault and battery with intent to kill, a felony. Neither of these, acts supporting the plea, it follows that.the demurrer should have been sustained.
Peck, J.
Did the act of 1831, ch. 82, intend to embrace offences known as misdemeanors before the passage of the act changing the penal code of the State, which took effect by proclamation of the Governor on the 21st January, 1331? Or was it intended to operate upon such offences only, as were left unchanged in character and degree by said act ? I am of opinion that the latter was alone intended. Legislating upon the subject in 1831, necessarily compels us to apply the provisions and terms used to the state of things existing under the penal code, as amended. The term misdemeanor does not embrace the offence charged in this indictment, because at the time of passing this act of 1831, relied upon, the offence of an assault with intent to kill and murder, was made a felony by the previous act. It follows from this view of the law, that such acts as existed at the time of committing the offence, can only be taken into consideration.
The act of 1820, ch. 9, sec. 1, not applying to this *248 offence, there is no limitation given within which the prosecution shall be commenced. The demurrer was improperly overruled; the judgment must be reversed, and the cause remanded for a trial below.
Catron, Ch. J., concurred.
Judgment reversed,